NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3343

RICHARD GREENLEE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED: January 17, 2006

_____

Before BRYSON, LINN, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Richard Greenlee ("Greenlee") seeks review of the final decision of the Merit Systems Protection Board ("Board"), dismissing his appeal for lack of jurisdiction. <u>See Richard Greenlee v. United States Postal Serv.</u>, No. CH-3443-04-0450-I-1 (M.S.P.B. July 5, 2005) ("Final Decision"). Because the Board correctly held that it does not have jurisdiction of an appeal of non-selection of an applicant for employment with the United States Postal Service ("agency"), we <u>affirm</u>.

BACKGROUND

On April 13, 2004, Greenlee filed an appeal with the Board. Because his appeal did not clearly state the nature of his grievance, the Administrative Judge ("AJ") sought clarification from Greenlee. Based on responses submitted by Greenlee, the AJ interpreted his appeal to be an appeal of the agency's failure to offer him a job. Noting Greenlee's prior employment with the agency from 1985 until 1992, the AJ determined that it was not the subject of the current appeal and, to the extent that it was, it would be time barred. The AJ concluded that the Board did not have jurisdiction to review an agency's failure to hire an applicant. See Greenlee v. United States Postal Serv., No. CH-3443-04-0450-I-1 (M.S.P.B. Sept. 7, 2005) ("Initial Decision").

The Initial Decision became the Final Decision of the Board on July 5, 2005, after the Board denied Greenlee's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115.

Greenlee timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The Board's jurisdiction "is limited to those matters specifically entrusted to it by statute or regulation." Serrao v. Merit Sys. Prot. Bd., 95 F.3d 1569, 1573 (Fed. Cir. 1996). Greenlee bears the burden of establishing the Board's jurisdiction. Id.

Greenlee has not shown that his appeal falls within any of those limited areas over which the Board may exercise jurisdiction. To the extent Greenlee is seeking to challenge the agency's failure to offer him a job, he fails to identify any "law, rule, or regulation" that would provide the Board with jurisdiction over his appeal of his non-

selection for employment with the agency.  5 U.S.C. § 7701(a).  See, e.g., Ellison v. Merit. Sys. Prot. Bd., 7 F.3d 1031, 1034 (Fed. Cir. 1993) (stating that "no law, rule, or regulation authorizes a direct appeal to the Board respecting a nonselection for promotion").  "An agency's failure to select an applicant for employment is generally not appealable to the Board." Prewitt v. Merit Sys. Prot. Bd., 133 F.3d 885, 886 (Fed. Cir. 1998).  Thus, there is no basis for this court to disturb the Board's dismissal of the appeal for lack of jurisdiction.

To the extent that Greenlee also is challenging his removal in 1992, we agree with the Board that the appeal would be untimely.  An appeal to the Board must be filed within thirty days of the action being appealed.  See 5 C.F.R. §1201.22.  Greenlee was removed from his position with the agency in 1992, and this appeal was filed in 2004. Greenlee has failed to explain this delay and, thus, has failed to establish Board's jursidiction on this basis as well.

For the foregoing reasons, the decision of the Board dismissing Greenlee's appeal for lack of jursidiction is affirmed.